David E. CHADWICK,
Plaintiff-Appellant,

v.

ESPERANZA TRADE & TRANSPORT,
LTD., et al., Defendants-Appellees.

No. 75–2584.

United States Court of Appeals,
Fifth Circuit.

March 17, 1977.

Rehearing Denied April 14, 1977.

Douglas A. Barnes, Donald W. Keck, Dallas, Tex., for plaintiff-appellant.

Joe T. Hood, Dallas, Tex., for defendants-appellees.

Before JONES, WISDOM and GODBOLD, Circuit Judges.

JONES, Circuit Judge:

The jurisdiction of this action stems from diversity of citizenship. The governing law is that of Texas. The appellant, David E. Chadwick, was plaintiff in the district court. He and four others owned all of the stock issued by Edward T. Robertson and Son, Inc. It sold assets to Belship Company, a Bermuda corporation, which by change of name is now Edward T. Robertson and Son, Ltd., one of the parties to this action. As a part of the transaction Belship entered into employment contracts with each of the five stockholders. Some of the contracts were for three years and others were for five years. The annual compensation as fixed by schedules annexed to the contracts ranged from eight to twenty thousand dollars. The contract with the appellant was for five years at an annual salary of twelve thousand dollars, which was subsequently increased to sixteen thousand dollars. It was provided in the contract that:

"The term of employment under this agreement shall commence as of Decem-

ber 1, 1971 and shall continue for the period set forth in the schedule annexed hereto, subject to termination by either party upon ninety days written notice prior to the end of said term, or thereafter upon like notice."

The agreement provided that "all disputes arising out of, or in connection with, this agreement, shall be submitted to arbitration in the City of New York by the American Arbitration Association in accordance with its rules then in effect."

On September 18, 1974, Edward T. Robertson terminated the contract with the appellant, paying his salary to that date and for ninety days additional. The appellant brought an action claiming compensation under the contract for the remainder of the five year term. Named as defendants were Edward T. Robertson and Son, Ltd., the employer, and Esperanza Trade & Transport, Ltd., which had guaranteed performance of the contract by the employer. The defendants filed motions to dismiss on the ground, among others, that the complaint failed to state a claim upon which relief could be granted. The Robertson firm filed a motion to stay pending arbitration.

The district court entered an order reciting the contract provision herein quoted holding that the employer had a right to terminate the contract at any time on ninety days notice and dismissed the complaint. Chadwick has appealed.

The contract is before the Court for construction. Resort to the fine print or the footnotes is not required for our consideration of the issue. Black-letter law will suffice. In construing a contract the Court will determine and give effect to the intent of the parties. The entire contract will be considered. Effect will be given, if possible, to all of the language of the contract. In the absence of custom or usage to the contrary ordinary words are to be given their ordinary meaning. If the language of the contract is ambiguous, extrinsic evidence may be received to determine its meaning.

If, as the appellees contend and the district court found the contract could be terminated at any time upon ninety days notice, it can be urged most plausibly that the last twelve words of the proviso—

"subject to termination by either party upon ninety days written notice prior to the end of said term, or thereafter upon like notice."

are surplusage and without any meaning whatever. It should not be so held.

It can be plausibly argued that the word "thereafter" can refer only to "the end of said" [five year] "term." If so, then perhaps it would follow that the parties contemplated an indefinite employment relationship after the five years to terminate upon the contractual ninety days notice.

If, as the appellees contend, and as the district court found, the contract could be terminated on ninety days notice, why were some of the contracts for three and others for five years? If, as might be shown by extrinsic evidence, tenured employment was an inducement or a consideration for the sale of assets, would the construction have been different?

These questions seem apparent. There may be others. The answers to these questions are, initially, for the district court. It is not intended that anything here said shall be regarded as suggesting answers. The language of the termination provision is ambiguous. The implied holding to the contrary by the district court is erroneous. The judgment will be REVERSED and the cause will be REMANDED for further proceedings.